IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-41764

ARMANDO ADAME

Plaintiff - Appellee

v.

T M FLOWERS, Sergeant; S J SUH; CHAD PEEK; S PACE

Defendants - Appellants

Appeal from the United States District Court for the Eastern District of
Texas, Texarkana
5:05-CV-200

Before JOLLY, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Armando Adame ("Adame"), an inmate of the Texas Department of
Criminal Justice–Correctional Institutions Division, proceeding pro se, filed this
suit against a number of defendants, raising claims under 42 U.S.C. § 1983.
Adame complains of an assault in which he and two other inmates were injured
by four members of a rival gang. Adame says that these inmates were let out of
their cells without being searched, despite regulations requiring that they be
brought out individually and after a search, and were then allowed into the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

section where he was staying.  He further complains that during the assault the officers on duty failed to open the section door to allow him to escape.

The defendants moved for summary judgment based on their asserted entitlement to qualified and Eleventh Amendment immunity.  The magistrate judge recommended dismissal of all claims against the defendants in their official capacities based on Eleventh Amendment immunity, but recommended that the defendants' motion for summary judgment in all other respects be denied.  The district court adopted the magistrate judge's report and recommendations.  The defendants timely brought this interlocutory appeal, asserting that they are entitled to qualified immunity.

This court reviews the district court's denial of summary judgment de novo.  Attenberry v. Nocona Gen. Hosp., 430 F.3d 245, 252 (2005).  Yet when reviewing a denial of qualified immunity on an interlocutory appeal, the scope of our review is restricted to the legal conclusions of the district court; we do not review the correctness of the district court's assessment of the facts.  Colston v. Barnhart, 146 F.3d 282 (5th Cir. 1998).  Though the defendants note the limited scope of our review in their brief, they nevertheless devote their entire attention to issues of fact that we cannot review.

The defendants assert, first, that they were not deliberately indifferent to a substantial risk of serious harm to Adame's safety.  They argue that there is absolutely no evidence that the defendants orchestrated the assault on Adame. The district court disagreed.  It noted that Adame had sufficiently alleged facts tending to show that the defendants were deliberately indifferent to Adame's safety.  The district court  specifically noted that a reasonable prison official would have been aware of the problems posed by the management of gang

members, and of the fact that gang rivalries readily translate into violence. The district court also observed that Adame contends that the multiplicity of errors that occurred are indicative of deliberative indifference. This court lacks jurisdiction to resolve such a factual issue. See Colston, 146 F.3d 282.

The defendants assert, second, that their actions were objectively reasonable in the light of clearly established law. They argue that the summary judgment evidence clearly demonstrates that each individual defendant's actions were objectively reasonable. The district court disagreed. The district court specifically noted that Adame had asserted that the defendants cannot explain how it would have posed a danger to them to open the door when he broke free of his assailants and ran over to the door, and that Adame had asserted that allowing him to escape would have posed no danger to the officers observing from behind the door. Again, this court lacks jurisdiction to resolve a factual issue. See Colston, 146 F.3d 282.

The defendants' objections are without merit. This interlocutory appeal is therefore

DISMISSED.